THE PEOPLE *v.* DEL TORO.

APPEAL from the District Court of Mayagüez.

No. 100.—Decided November 12, 1907.

FINE—SUBSIDIARY IMPRISONMENT—JUDGMENT.—The subsidiary imprisonment for failure to pay a fine which may be imposed by district courts must not exceed one day for each dollar which the defendant fails to pay, and a judgment rendered in virtue thereof must not state that the defendant shall pay a fine or serve a term of imprisonment, thus allowing defendant to elect the manner of satisfying the judgment, but such a judgment must specifically state that in case of failure to pay the fine to which the accused had been sentenced, he shall be imprisoned for such term as may be proper under the law.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This case originated in the Municipal Court of Mayagüez upon a complaint filed by a member of the Insular Police

against the defendant for an offense against the public peace. It went on appeal to the district court and after a new trial in the latter the defendant was sentenced "to pay a fine of $15, or in default thereof, to be confined in jail for 30 days, and costs."

The defendant took an appeal to this Supreme Court from this judgment which was rendered on March 6, 1907, and here all that we have upon which to decide the case is the judgment roll, which in this case is composed of the complaint and the judgment appealed from, there being no bill of exceptions, statement of facts, or even a brief in defense of the rights of the appellant.

An examination of the judgment appealed from shows that the prison penalty is excessive, inasmuch as the law applicable to this case is section 322 of the Code of Criminal Procedure, which provides that "it must not exceed one day for every dollar of the fine, nor extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted."

Hence, the penalty which should have been imposed is that of a fine of $15 or imprisonment in jail for 15 days, if the confused form employed in the judgment appealed from were followed.

This doctrine relating to section 322 above cited has already been discussed by this court in the following cases: *Guadelupe Andino, Ex parte,* May 20, 1905; *Benito Delgado, Ex parte,* April 25, 1907; *The People of Porto Rico* v. *Gabriel Díaz,* May 6, 1907; *The People of Porto Rico* v. *José Maíz,* June 2, 1907; and *The People of Porto Rico* v. *Manuel M. Paz,* June 29, 1907.

And this point was specially discussed in connection with sections 322, 323 and 54 of the Code of Criminal Procedure in the case recently decided of *The People of Porto Rico* v. *Rafael Laviosa,* in which the opinion was delivered by Mr. Justice MacLeary. In this opinion the first and third pro-

visions cited are considered and compared with the corresponding sections of the Penal Code of California.

Therefore, let us here again sustain that the penalty imposed in the judgment appealed from is excessive and should not exceed $1 for each day—that is to say, confinement in jail for 15 days.

The form of the adjudging portion of the judgment is confusing, as we have said above, because it appears to leave to the defendant the option of a fine or imprisonment, and this cannot be so, nor do we believe that such was the purpose of the court.

In order to avoid this it appears to us that it would be plainer to say "Manuel M. del Toro is found guilty and consequently he is sentenced to pay a fine of $15, and in default of immediate payment shall be confined in jail for 15 days, and pay the costs."

This point was also considered in the case cited of Leviosa, and we refer thereto.

Therefore, with these corrections or amendments the judgment may be rendered by this Supreme Court.

*Accordingly decided.*

Chief Justice Quiñones, and Justices Hernández, MacLeary and Wolf concurred.